UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **26 Cr. 192 (VB)** |
| FELIX DEJESUS JIMENEZ,<br>JULIO FRIAS,<br>BLADIMIR TOMAS VALDEZ,<br>ALBA NELLYS RODRIGUEZ GONZALEZ,<br>JEFREY RAPHAEL HERRERA ESPINAL,<br>SAMMY RODRIGUEZ FRANCISCO,<br>XAVIER RODRIGUEZ FRANCISCO,<br>CLARISA RODRIGUEZ FRANCISCO,<br>CINDY REY,<br>LUCIANO MOISES ESTRELLA, and<br>RAMON ELIGIO DEJESUS PERALTA,<br><br>*Defendants*. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more

2023.11.26

limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who the Government believes may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case may, in the Government's view, raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his/her counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case may, in the Government's view, raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his/her counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

2023.11.26

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a. The defendant;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his/her counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

3

2023.11.26

with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

### Other Provisions

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The defense may object to a designation and, in such instances, the parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If

4

2023.11.26

Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained from every defendant. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated. This consent does not waive the limitations in any search warrants restricting the Government's own searches of seized property to particular things authorized by those warrants. Defense counsel agree not to disclose other defendants' data to the Government, except as required by reciprocal discovery obligations and the Court's pretrial orders.

14. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

15. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

16. The defense shall not provide any Disclosure Material to any foreign persons or entities, except if such persons or entities are personnel for whose conduct defense counsel is responsible or if the Court authorizes such disclosure on a case-by-case basis.

5

2023.11.26

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:     6/25/2026
Jake Sidransky
Assistant United States Attorney

_____          Date:     6/9/2026
Elizabeth K. Quinn
Counsel for Julio Frias

_____          Date: _____

Jeffrey Paul Chartier
Counsel for Bladimir Tomas Valdez

_____          Date: _____

Andrew G. Patel
Counsel for Alba Nellys Rodriguez Gonzalez

_____          Date: _____

Francis Lee O'Reilly
Counsel for Jefrey Raphael Herrera Espinal

2023.11.26

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date: _____

    Jake Sidransky
    Assistant United States Attorney


_____          Date: _____

Elizabeth K. Quinn
Counsel for Julio Frias


_____          Date: 6/11/26

Jeffrey Paul Chartier
Counsel for Bladimir Tomas Valdez


_____          Date: _____

Kerry Lawrence
Counsel for Alba Nellys Rodriguez Gonzalez


_____          Date: _____

Francis Lee O'Reilly
Counsel for Jefrey Raphael Herrera Espinal

6

2023.11.26

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date: _____
    Jake Sidransky
    Assistant United States Attorney

                                      Date: _____
    _____
    Elizabeth K. Quinn
    Counsel for Julio Frias

                                      Date: _____
    _____
    Jeffrey Paul Chartier
    Counsel for Bladimir Tomas Valdez

    *[signature]*                     Date: June 17, 2026
    _____
    Kerry Lawrence
    Counsel for Alba Nellys Rodriguez Gonzalez

                                      Date: _____
    _____
    Francis Lee O'Reilly
    Counsel for Jefrey Raphael Herrera Espinal

6

2023.11.26

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____        Date: _____
　　　Jake Sidransky
　　　Assistant United States Attorney


　　　_____        Date: _____
　　　Elizabeth K. Quinn
　　　Counsel for Julio Frias


　　　_____        Date: _____
　　　Jeffrey Paul Chartier
　　　Counsel for Bladimir Tomas Valdez


　　　_____        Date: _____
　　　Andrew G. Patel
　　　Counsel for Alba Nellys Rodriguez Gonzalez


　　　_____        Date: _____
　　　Francis Lee O'Reilly
　　　Counsel for Jefrey Raphael Herrera Espinal

6

2023.11.26

Jill R. Shellow

Digitally signed by Jill R.
Shellow
Date: 2026.06.22 13:00:51
-04'00'

Date: _____

Jill R. Shellow
Counsel for Sammy Rodriguez Francisco


Date: _____

Bruce D. Koffsky
Counsel for Xavier Rodriguez Francisco


Date: _____

Calvin Harold Scholar
Counsel for Clarisa Rodriguez Francisco


Date: _____

Richard David Willstatter
Counsel for Cindy Rey


Date: _____

Michael Kennedy Burke
Counsel for Luciano Moises Estrella


SO ORDERED:

Dated: White Plains, New York
       June ____, 2026

THE HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

7

2023.11.26

Date: _____

_____
Jill R. Shellow
Counsel for Sammy Rodriguez Francisco

Date: 6\25\26

_____
Bruce D. Koffsky
Counsel for Xavier Rodriguez Francisco

Date: _____

_____
Calvin Harold Scholar
Counsel for Clarisa Rodriguez Francisco

Date: _____

_____
Richard David Willstatter
Counsel for Cindy Rey

Date: _____

_____
Michael Kennedy Burke
Counsel for Luciano Moises Estrella

SO ORDERED:

Dated: White Plains, New York
      June ___, 2026

_____
THE HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

7

2023.11.26

_____          Date: _____
Jill R. Shellow
Counsel for Sammy Rodriguez Francisco


_____          Date: _____
Bruce D. Koffsky
Counsel for Xavier Rodriguez Francisco


_____          Date: _____
Calvin Harold Scholar
Counsel for Clarisa Rodriguez Francisco


_____          Date: _____
Richard David Willstatter
Counsel for Cindy Rey


_____          Date: _____
Michael Kennedy Burke
Counsel for Luciano Moises Estrella


SO ORDERED:

Dated: White Plains, New York
       June ___, 2026

                              _____
                              THE HONORABLE VINCENT L. BRICCETTI
                              UNITED STATES DISTRICT JUDGE

7

2023.11.26

_____          Date: _____
Jill R. Shellow
Counsel for Sammy Rodriguez Francisco


_____          Date: _____
Bruce D. Koffsky
Counsel for Xavier Rodriguez Francisco


_____          Date: _____
Calvin Harold Scholar
Counsel for Clarisa Rodriguez Francisco

_____          Date: June 8, 2026
Richard David Willstatter
Counsel for Cindy Rey


_____          Date: _____
Michael Kennedy Burke
Counsel for Luciano Moises Estrella


SO ORDERED:

Dated: White Plains, New York
       June ___, 2026

                                  _____
                                  THE HONORABLE VINCENT L. BRICCETTI
                                  UNITED STATES DISTRICT JUDGE

7

2023.11.26

_____          Date: _____
Jill R. Shellow
Counsel for Sammy Rodriguez Francisco


_____          Date: _____
Bruce D. Koffsky
Counsel for Xavier Rodriguez Francisco


_____          Date: _____
Calvin Harold Scholar
Counsel for Clarisa Rodriguez Francisco


_____          Date: _____
Richard David Willstatter
Counsel for Cindy Rey


_____          Date: ___6/10/2026___
Michael Kennedy Burke
Counsel for Luciano Moises Estrella


SO ORDERED:

Dated: White Plains, New York
        June 29, 2026


_____
THE HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

7

2023.11.26